# H. W. Bartling et al., Trustees, etc. v. Jonna Edwards.

1. PRACTICE—*Pleadings in Appeal Cases.*—In cases on appeal from a justice of the peace, no declaration is required.

2. BY-LAWS—*Waiver of Conditions.*—The provisions of a by-law of a fraternal society, depriving a member in arrears of dues, of his participation in the sick benefits of the society, is waived by the acceptance of a donation of the delinquent dues by other members of the society.

Assumpsit, for sick benefits. Trial in the City Court of Litchfield, on appeal from a justice of the peace; the Hon. AMOS OLLER, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

ZINK, JETT & KINDER, attorneys for plaintiffs in error.

CREIGHTON & GARDNER, attorneys for defendant in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

This action was begun before a justice of the peace by defendant in error against plaintiffs in error as trustees of Oil City Lodge, No. 724, I. O. O. F., and having been appealed to the City Court, a trial by jury resulted in a verdict and judgment against plaintiffs in error for $70, to reverse which this writ of error is prosecuted. In the trial court leave was obtained to amend the actions, and summons was issued against the trustees and served upon them, and upon its return a motion by the plaintiffs in error to quash the summons so issued and the return thereof was overruled by the court, and this action of the court is assigned for error. After this motion was overruled plaintiffs in error moved the trial court to continue the cause for want of a declaration, which the court refused to do, and this action of the court is also assigned for error.

Inasmuch as the plaintiffs in error had appealed to the trial court by their proper designation, and thereby entered their appearance in such court, the issuance and service of a summons was wholly unnecessary and without any effect whatever, and may be disregarded as surplusage, and the case being an appeal from a justice of the peace, no declaration was required, and hence there was no error in the rulings of the court in those respects; and when the whole record is considered it is clear to us that the judgment that was rendered is against the proper parties having control of the specific funds from which the benefits claimed by the defendant in error are payable, and while the judgment may not be technically correct, it accomplishes the justice of the matter and in this respect there is no material error.

The suit was for benefits accruing to defendant in error under the rules or by-laws of the lodge in consequence of the sickness and death of her husband, who was a beneficiary member of the lodge, and had been such for many years. These rules or by-laws allowed to such beneficiary member, or to the widow in this case, the sum of $30 death benefit and $60 funeral expenses. It was contended on the

trial, and the same is renewed here, that because the husband of defendant in error was in arrears of dues to the lodge beyond the amount allowed for beneficiary members at the time he became sick, that thereby under such rules or by-laws his widow was deprived of such benefits. During such last sickness the brethren of the husband in the lodge voluntarily donated a sufficient sum to pay his dues to August 25, 1897, and this was accepted by the officers of the lodge and a receipt given accordingly. The husband died before the expiration of this time. We think by the acceptance of the dues, and giving a receipt therefor, plaintiffs in error waived the right to deny to defendant in error the benefits claimed by her, and in this view of the case we think the judgment of the trial court accomplishes the substantial justice of the matter, and such judgment will be affirmed. Judgment affirmed.